RUSSELL WACHOB *et al., Respondents,* v. E. R. GRINER
*et al., Appellants.*[1]

*Solie M. Ringold,* for appellants.

*Congdon, Clemans & Kasperson,* for respondents.

GRADY, J.—This action was instituted by the respondents to recover a broker's commission for the sale of a tavern. The court made findings of fact and rendered a judgment against appellants, from which they have taken this appeal.

The factual situation which we find to be supported by a preponderance of the evidence is that respondents were business chance brokers. The appellants operated a tavern under the name of Melby's Tavern. On April 28, 1947, appellants gave to respondents an exclusive listing to sell their tavern business, which included a stock of merchandise and equipment. The listing was for thirty days and thereafter until terminated by five days written notice. The premises upon which the business was conducted were held under a lease which would expire December 31, 1947, but it contained a two-year option to renew. The listing agreement was not revoked prior to the sale of the property.

[1]Reported in 212 P. (2d) 781.

On September 11th, a salesman for respondents contacted Mrs. Ackerman and Mr. Tunstad (the ultimate purchasers) with reference to other tavern property, but it developed that it had been sold. The prospects expressed an interest in a tavern similar to Melby's, the one in question here. The salesman advised them that he had that tavern listed for sale. He contacted one of appellants and was informed that the tavern was for sale and was told to go ahead and work on a sale. The prospects were requested to look at the property in question, but it was not convenient for them to do so at that time. They gave the salesman their telephone numbers, but later, when he tried to contact them through such numbers, he was unable to do so.

On September 13th, the salesman informed one of appellants of the names of the prospects and of the fact they were interested in the tavern, but that he had not been able to contact them. He requested appellants to contact him if the prospects appeared at the tavern. He continued his efforts to contact the prospects, but to no avail. On September 19th, he learned through a Seattle newspaper that a sale of the tavern had been made by appellants to Mrs. Ackerman and Mr. Tunstad.

The appellants contend that respondents cannot recover their contract commission, first, because they did not allege in their complaint or prove at the trial that they were licensed real-estate brokers, as required by Rem. Supp. 1941, § 8340-48 [P.P.C. § 836-49], and second, because they did not prove they were the effective procuring cause of the sale.

Reliance is placed upon Rem. Supp. 1943, § 8340-25 [P. P. C. § 836-3], which defines a real-estate broker. It is contended that the listing agreement contemplated, and the services of respondents would include, the negotiation of a lease between the owner of the real estate and the purchasers from appellants, and, therefore, respondents would have to be licensed. The agreement relates to the sale of a business with a stock of goods and equipment. A purchaser

usually desires to acquire the lease with option to renew as a part of his purchase. The listing agreement contained the information as to the appellants' rights under the lease and contemplated that the sellers would assign their lease. Appellants were not the owners of the real estate and were in no position to bargain for a new lease in connection with the sale. Appellants make reference to some testimony given by the salesman employed by respondents in which he used the words "new lease," but it furnishes no evidence that respondents were either holding themselves out as real-estate brokers, or that they would negotiate a lease. All that was contemplated was the sale of a tavern business, and at most an assignment of the lease to the purchasers.

We decided in *Johnson v. Rutherford*, 32 Wn. (2d) 194, 200 P. (2d) 977, that Rem. Supp. 1943, § 8340-25, was not offended if an unlicensed broker found a purchaser for a tavern business including the leasehold interest of the vendor. That case and the principles of those cited in the opinion, we hold to be controlling here.

The trial court found and concluded on conflicting evidence that the respondents were the procuring cause of the sale, even though the actual sale was made by appellants at a price less than called for in the listing agreement. Our examination of the record convinces us of the correctness of such finding and conclusion.

The applicable rule of law is that, where a broker has the exclusive right to sell property and procures a purchaser ready, willing, and able to purchase on the terms specified, or on terms acceptable to the owner, such owner cannot make a sale to the purchaser and thus avoid paying a commission to the broker. *Lawson v. Black Diamond Coal Mining Co.*, 53 Wash. 614, 102 Pac. 759; *Duncan v. Parker*, 81 Wash. 340, 142 Pac. 657, L. R. A. 1915A, 804; *Keith v. Peart*, 115 Wash. 552, 197 Pac. 928; *Bloom v. Christensen*, 18 Wn. (2d) 137, 138 P. (2d) 655.

The judgment is affirmed.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and DONWORTH, JJ., concur.